# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACQUELINE D. STEPHENS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>KIM SWEET,<br><br>　　　　　　　Defendant. | Case No. 3:25-cv-00144-SLG |

## ORDER OF DISMISSAL

On July 2, 2025, self-represented litigant Jacqueline D. Stephens ("Plaintiff") filed a civil complaint and a motion to proceed without paying the filing fee.[1] The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's Complaint alleges that between December 2023 and June 2025, Defendant Kim Sweet, acting in her capacity as a Magistrate Judge for the Third Judicial District of Alaska, violated Plaintiff's constitutional rights during the course of state domestic violence proceedings.[2] A search of the publicly available state court records produced no results for cases involving Plaintiff that were filed in state court after 2006.[3] However, as explained below, because Defendant's alleged actions fall squarely within a judge's judicial function,

---

[1] Dockets 1-2.

[2] Docket 1 at 2-3.

[3] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Defendant is entitled to absolute immunity. Therefore, the Complaint must be dismissed 28 U.S.C. § 1915(e)(2)(B). The Court finds that granting Plaintiff leave to file an amended complaint would be futile because the pleading could not possibly be cured by additional factual allegations.[4]

## SCREENING REVIEW

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[6]

If a federal court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless

---

[4] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011). *See also Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987) (holding that futility alone justifies denial of leave to amend where the proposed claim "could not be saved by any amendment").

[5] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00144-SLG, *Stephens v. Sweet*
Order of Dismissal
Page 2 of 4
Case 3:25-cv-00144-SLG    Document 3    Filed 07/28/25    Page 2 of 4

to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[8]

## DISCUSSION

Judicial immunity is a well-established doctrine that protects judges and judicial officers from civil liability for acts performed in their judicial capacity.[9] Judicial immunity is broad and applies even if the judicial act was performed in error, was done maliciously, or exceeded the judge's authority, as long as the judge did not act in the clear absence of all jurisdiction.[10] Courts determine whether an act is judicial by considering factors such as whether the act is a normal judicial function, whether it occurred in the judge's chambers or courtroom, whether it arose from a case pending before the judge, and whether it involved the judge acting in their official capacity.[11] The Ninth Circuit has consistently held that this immunity applies to all of a judge's judicial acts, including case management decisions and all conduct related to resolving disputes between parties, such as mediating an agreement.[12]

---

[7] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003). *See also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts.").

[10] *Ricotta v. State of Cal.,* 4 F.Supp.2d 961 (1998).

[11] *Hueter v. Kruse,* 576 F.Supp.3d 743 (2021).

[12] *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (holding judicial immunity applies to a judge's rulings and case management decisions); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (holding judicial immunity "applies to the function of

Here, Plaintiff alleges Defendant violated her rights during court-ordered mediation sessions and by issuing a protective order against her in state court. These alleged actions clearly fall within a judge's judicial function. As such, Defendant is entitled to absolute immunity. No additional facts could overcome this immunity. Because this deficiency in the Complaint cannot be cured, the Court will not afford Plaintiff an opportunity to file an amended complaint; rather, this case must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 28th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

resolving disputes between parties").

Case No. 3:25-cv-00144-SLG, *Stephens v. Sweet*
Order of Dismissal
Page 4 of 4
Case 3:25-cv-00144-SLG    Document 3    Filed 07/28/25    Page 4 of 4